Dear Mr. Haley:
This office is in receipt of your request for an opinion of the Attorney General in regard to the determination by ambulance personnel of the facility to which a patient will be transported. You state under current statutes a licensed ambulance provider is required to transport a patient to the "nearest appropriate facility", with the determination being made by the ambulance medical personnel as to the appropriate facility. The selection is based upon the condition of the patient with unstable patients going to the "nearest facility" whereas stable patients may be transported to a more distant facility. However, some families have insisted that the patient be transported to a more distant facility although the medical personnel do not consider the patient stable.
Based upon these statements you ask the following questions:
 1. May the patient legally request or insist that we transport said patient to a more distant facility even if medical personnel do not consider the patient stable?
May the patient absolve the ambulance service of legal responsibility by signing a form which states that the patient understands that the transport will be against the advice of medical personnel and technically in violation of current statutes, and that the patient will be assuming total legal responsibility for any complications related to transport to a more distant facility?
 2. May a family member (spouse, child of legal age, etc.) make the same request on behalf of the patient.
 Could said family member absolve the ambulance service of legal responsibility by signing a form which states that they understand that the transport will be against the advice of medical personnel and technically in violation of current statutes, and that they will be assuming total legal responsibility for any complications related to transport to a more distant facility?
 3. If the answer to number 2 is yes, would the family member have to have a legal power of attorney in order to sign giving permission on behalf of the patient?
 4. Would the enclosed form be an acceptable instrument for executing permission to transport the patient to a more distant facility in the event that your opinion concurs that the law would allow such an action on the part of the patient or family member.
As related by telephone conversation, we have been unable to find any state statute that requires a licensed ambulance transportation provider to transport a patient to the "nearest appropriate facility", and you have not been able to give us a referenced statute. As further pointed out in our conversation we have found under the "Louisiana Health Insurance Association Act" that the association shall establish reasonable reimbursement amounts for the listed services which includes "transportation provided by a licensed ambulance service to the nearest facility qualified to treat the condition." We also find reference to service to the nearest facility by industrial ambulances when transporting an employee from the work site. These are the only references we find in the state statutes to ambulance transportation being to the nearest appropriate facility. However, we will answer your questions that are based upon a rule and regulation requiring an ambulance provider to transport a patient to the "nearest appropriate facility."
First we note that in accordance with R.S. 37:1732 a member of an ambulance or rescue squad who holds a valid current certification who renders emergency care in the performance of his duties shall not be individually liable to such person for civil damages as a result of acts or omissions in rendering emergency care except for acts or omissions "intentionally designed to harm" the patient or "grossly negligent acts or omissions that result in harm to such person".
Moreover, in answer to your question if a patient can insist that he be transported to a more distant facility, we find nothing that would prevent such a request, and we feel that complying with the request of a patient could not constitute an act intentionally designed to harm the patient or be a "grossly negligent act" on the part of the ambulance provider. On the contrary, R.S. 40:1299.56 provides, "Nothing contained herein shall be construed to abridge any right of a person eighteen years of age or over to refuse to consent to medical or surgical treatment as to his own person."
While we do not feel there would be legal responsibility by an ambulance provider for transporting a patient to the facility requested by the patient despite a conclusion by an ambulance provider that a closer facility would be more advisable, we feel a written consent would more clearly absolve the medical personnel of any responsibility by having the patient assume the legal responsibility for any complications related to transportation to a more distant facility.
In regard to your questions whether a family member may make the same request on behalf of the patient and absolve the ambulance service of legal responsibility by written form, and would the family member have to have a power of attorney to give written permission, we assume that this is in regard to a patient who is unable to make the request himself, and we would conclude such a request can be made in accordance with R.S. 40:1299.53
entitled, "Persons who may consent to surgical or medical treatment". Therein the list sets forth in order of priority persons authorized "to consent, either orally or otherwise" to surgical or medical treatment or procedures as follows:
(1) Any adult, for himself.
 (2) The judicially appointed tutor or curator of the patient, if one has been appointed.
 (3) An agent acting pursuant to a valid mandate, specifically authorizing the agent to make health care decisions.
(4) The patient's spouse not judicially separated.
(5) An adult child of the patient.
(6) Any parent, whether adult or minor, for his minor child.
(7) The patient's sibling.
(8) The patient's other ascendants or descendants.
 (9) Any person temporarily standing in loco parentis, whether formally serving or not, for the minor under his care and any guardian for his ward.
This is further defined in the statute as follows:
 If there is more than one person within the above named class in Paragraph (A)(1) through (9), the consent for surgical or medical treatment shall be given by a majority of those members of the class available for consultation.
Based upon this statute giving family members statutory authority to give permission on behalf of the patient for medical treatment, we find they may absolve the ambulance service by oral or written consent from any liability for any complications related to transport to a facility of their choice with the understanding that the transport will be against the advice of the ambulance personnel, and that they will assume legal responsibility.
We note that R.S. 40:1299.41 includes in the list defining "Health Care provider", "ambulance service", and that R.S.40:1299.40 sets forth the requirements for consent to medical treatment which may be used as a guideline in regard to a request to be transported to a more distant facility. Therein it is provided as follows:
 Notwithstanding any other law to the contrary, written consent to medical treatment means a consent in writing to any medical or surgical procedure or course of procedures which: sets forth in general terms the nature and purpose of the procedure or procedures, together with the known risks, if any, of death, brain damage, quadriplegia, paraplegia, the loss or loss of function of any organ, or limb, of disfiguring scars associated with such procedure or procedures; acknowledge that such disclosure of information has been made and that all questions asked about the procedure or procedures have been answered in a satisfactory manner; and is signed by the patient for whom the procedure is to be performed, of if the patient for any reason lacks legal capacity to consent by a person who has legal authority to consent on behalf of such patient in such circumstances. Such consent shall be presumed to be valid and effective, in the absence of proof that execution of the consent was induced by misrepresentation of material facts.
The form relative to the demand to be taken to another facility sets forth in general terms the purpose of going to the nearest facility because of the lack of capabilities in the ambulance of stabilizing the patient who is in unstable condition. The patient or his representative acknowledges the recommendations of a closer facility after assessment of the patient and that the delay in by-passing a closer appropriate facility may cause risk of "further harm or even death", and the form is signed by the patient or person who has authority to consent on the patient's behalf.
Since this is a "form", it obviously cannot be more specific as to the conditions of the patient and possible risks beyond the statement of "further harm or even death". But, as in the consent for medical treatment, we feel such consent can be "presumed to be valid and effective" when the medic "has explained their assessment, findings and recommendation" and they are acknowledged as understood thereby placing the parties upon equal footing as required in a release.
Accordingly, the form would be an acceptable instrument for executing release from liability when transporting the patient to a more distant facility upon the patient's request, but, as previously observed, there is no liability for the licensed emergency ambulance provider's emergency care unless there is intentional harm to the individual or grossly negligence.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ________________________________ BARBARA B. RUTLEDGE Assistant Attorney General
Date Received: Dec. 14, 1998 Date Released:
BARBARA B. RUTLEDGE Assistant Attorney General